

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-18-00111-CV

BRODERICK COFER                                                    APPELLANT

V.

ARLINGTON MEMORIAL                                                 APPELLEES
HOSPITAL, MEDICAL CENTER OF
ARLINGTON, AND DR. BILL
NESBITT

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 048-293296-17

----------

## MEMORANDUM OPINION[1]

----------

Broderick Cofer attempts to appeal from the trial court's interlocutory

orders granting section 74.351(b) motions to dismiss filed by Arlington Memorial

Hospital, Medical Center of Arlington, and Dr. Bill Nesbitt. Tex. Civ. Prac. & Rem.

---

[1]See Tex. R. App. P. 47.4.

Code Ann. § 74.351(b) (West 2017). Although we notified appellant of our concern that we lack jurisdiction over his appeal, he has not responded.

An interlocutory appeal does not lie from a trial court's order granting a motion to dismiss on the ground that a plaintiff has wholly failed to file a document purporting to be an expert report. *See id.* (authorizing dismissal of healthcare liability claim for plaintiff's complete failure to file expert report); *Du Bois v. Irfan*, No. 14-15-01032-CV, 2016 WL 1533746, at *1 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, no pet.) (mem. op.); *Osborne v. Rowe*, No. 02-15-00277-CV, 2015 WL 6556298, at *1 (Tex. App.—Fort Worth Oct. 29, 2015, no pet.) (mem. op.); *Harper v. Tex. Tech Health Sci. Ctr.*, No. 04-15-00489-CV, 2015 WL 5602298, at *1 (Tex. App.—San Antonio Sept. 23, 2015, no pet.) (mem. op.) ("[T]his appeal is prematurely filed, and the trial court's order will be appealable only after a final judgment is entered unless the trial court severs its order granting the appellee's motion to dismiss prior to the entry of a final judgment."); *Fisher v. Med. Ctr. of Plano*, No. 05-14-01441-CV, 2015 WL 73441, at *1–2 (Tex. App.—Dallas Jan. 6, 2015, no pet.) (mem. op.) (explaining that appeal was interlocutory because plaintiff's claim was still pending in trial court against originally unserved defendant). *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West Supp. 2017) (authorizing interlocutory appeal only from order denying motion to dismiss filed under section 74.351(b)), *with id.* § 51.014(a)(10) (authorizing interlocutory appeal from order granting motion to dismiss pursuant to section 74.351(*l*) for failure to file adequate expert report).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Osborne*, 2015 WL 6556298, at *1.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DELIVERED:  June 14, 2018